UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **Criminal No. 01-181 (SRC)** |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| DARNELL COOPER, | : | |
| Defendant . | : | |

**CHESLER**, District Judge

      This matter comes before the Court upon the March 6, 2011 application by Defendant Darnell Cooper ("Defendant") for an Order of early termination of his supervised release [docket entry 28]. On January 3, 2002 Defendant was sentenced to a term of imprisonment of 96 months months, followed by a five-year term of supervised release, based upon his guilty plea to one-count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. Defendant was released from prison on or about March 26, 2008 and has currently completed three of the five years of supervised release ordered by the Court. Plaintiff, the United States of America (the "Government") has opposed this motion. The Court has considered the written submissions filed in connection with this application, including the April 25, 2011 letter brief filed by the Federal Public Defender's Office on behalf of Defendant in support of his application. For the following reasons, the Court will deny the application.

      The Court has authority to terminate a term of supervised release pursuant to 18 U.S.C. §

3583(e)(1). That provision states, in relevant part, that the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The statute directs that the Court consider various factors in making this determination. Id. They are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) whether the sentence has provided adequate deterrence to criminal conduct;
>
> (3) the need to protect the public from further crimes of the defendant; and
>
> (4) providing the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (5) the sentencing range applicable to the defendant;
>
> (6) any pertinent policy statement by the Sentencing Commission;
>
> (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (8) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7).

It appears that Defendant has made substantial progress toward becoming a model member of society, demonstrating a stable home life and gainful employment. The Government in fact acknowledges that he has thus far complied with the terms of his supervised release. Applying the factors pertinent to an analysis under § 3553(e)(1), the Court is not persuaded that this merits early termination of supervised release.

There is no suggestion that the terms and conditions of supervised release have had an adverse impact on his life or rehabilitation. Defendant has not pointed to any particular restrictions which limit his freedom or capacity to participate as a citizen. To the contrary, the primary role of supervised release is, and continues to be a support network to help assure his rehabilitation. It serves, moreover, as a reminder that should he suffer a relapse, the repercussions will be serious.

In sum, as long as Defendant remains a model citizen, the supervised release has only a minor impact on his life. There is no reason to terminate it. The interest of justice does not dictate otherwise.

Accordingly, **IT IS** on this 10th day of May, 2011,

**ORDERED** that Defendant's application for early termination of supervised release [docket entry 28] be and hereby is **DENIED**.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge